

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 12 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Margarita I De Clue, | : |
| Plaintiff, | : Civil Action No.: 4:15cv22-JM |
| v. | : |
| Mid-South Adjustment Co. Inc.; and DOES 1-10, inclusive, | : COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | : This case assigned to District Judge Moody |
| | : and to Magistrate Judge Ray |

## COMPLAINT

For this Complaint, the Plaintiff, Margarita I De Clue, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, et seq. ("AFDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Margarita I De Clue ("Plaintiff"), is an adult individual residing in North Little Rock, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Mid-South Adjustment Co. Inc. ("Mid-South"), is an Arkansas business entity with an address of 316 West 6th, Pine Bluff, Arkansas 71601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Mid-South and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Mid-South at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Mid-South for collection, or Mid-South was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Mid-South Engages in Harassment and Abusive Tactics

12. Within the last year, Mid-South contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, Plaintiff informed Mid-South that the Debt was covered by workers compensation since it was incurred because of an injury she had sustained at work. Therefore, the Debt was not valid.

14. After speaking to a supervisor, the Collector admitted to Plaintiff that the Debt was covered by workers compensation. However, the Collector proceeded to attempt to force Plaintiff into paying for fees associated with the collection of the Debt accrued until that point, which included attorney's fees, a service fee, and collection fees totaling two-hundred and thirty dollars.

15. Mid-South's false and misleading collection tactics caused Plaintiff significant anxiety and concern.

### C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

4

20. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated A.C.A. § 17-24-506(a) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

30. The Defendants' conduct violated A.C.A. § 17-24-506(b)(2) in that Defendants misrepresented the character, amount and legal status of the debt.

31. The Defendants' conduct violated A.C.A. § 17-24-506(b)(10) in that Defendants employed false and deceptive means to collect a debt.

32. The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

33. The Defendants' conduct violated A.C.A. § 17-24-507(b)(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the debt.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ARKANSAS DECEPRIVE TRADE PRACTICES ACT – A.C.A. § 4-88-101, *et seq.*

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq.*

38. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f) against the Defendants;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 5, 2015

Respectfully submitted,

By _____
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

7